STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. WALTER E. DEMOND, RESPONDENT.
___ N.W.2d ___

Filed July 10, 2015.    No. S-15-434.

Original action. Judgment of disbarment.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Walter E. Demond, on May 14, 2015. The court accepts respondent's voluntary surrender of his license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on March 18, 2004. On May 31, 2011, respondent was convicted of first-degree felony theft by deception, second-degree felony misapplication of fiduciary property, and second-degree felony money laundering in the 424th District Court for Blanco County, Texas. Respondent self-reported his convictions to the Counsel for Discipline of the Nebraska Supreme Court on June 20, and he has kept the Counsel for Discipline informed about the status of his appeal from the convictions.

On November 21, 2014, the Texas Court of Appeals reversed respondent's conviction for first-degree felony theft by deception, but it affirmed the convictions for second-degree felony misapplication of fiduciary property and second-degree felony money laundering. See *Demond v. State*, 452 S.W.3d 435 (Tex. App. 2014). Respondent filed a petition for discretionary review with the Texas Court of Criminal Appeals, and on March 18, 2015, the court refused to review the decision of the Texas Court of Appeals.

On May 14, 2015, respondent filed a voluntary surrender in which he stated that he knowingly does not challenge or contest the ruling of the Texas Court of Appeals that affirmed his convictions of second-degree felony misapplication of fiduciary property and second-degree felony money laundering. With respect to disciplinary proceedings in Nebraska, respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further,

respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.